UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON D. VILLALOBOS, CDCR No. F-34154,<br><br>                                    Plaintiff,<br><br>vs.<br><br>ALLEMBY; VALENCIA; RAMIREZ; ACAYAN,<br><br>                                    Defendants. | Case No.: 22-CV-0784-TWR (KSC)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Ramon Villalobos, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, is proceeding pro se in the instant civil rights action pursuant to 42 U.S.C. § 1983.  (*See* ECF No. 1.)

**I.      Failure to Pay Filing Fee or Request to Proceed *in forma pauperis***

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402, consisting of a $350 statutory fee plus an additional administrative fee of $52, although the $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District

1 | Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  An action may proceed despite a
2 | plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma*
3 | *pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051
4 | (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if
5 | Plaintiff is a prisoner, and even if he is granted leave to commence his suit *in forma*
6 | *pauperis*, he remains obligated to pay the entire filing fee in "increments," *see Williams v.*
7 | *Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately
8 | dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th
9 | Cir. 2002).

10 |       Plaintiff has not prepaid the $402 in filing and administrative fees required to
11 | commence this civil action, nor has he submitted a Motion to Proceed *in forma pauperis*
12 | pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. §
13 | 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

      Accordingly, the Court:

(1) **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

(2) **GRANTS** Plaintiff <u>forty-five (45) days</u> leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed *in forma pauperis* which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

/ / /
/ / /
/ / /
/ / /
/ / /

The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *in forma pauperis*." If Plaintiff fails to either prepay the $402 civil filing fee or complete and submit the enclosed Motion to Proceed *in forma pauperis* within 45 days, this action will be dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.[1]

**IT IS SO ORDERED.**

Dated: June 21, 2022

_____
Honorable Todd W. Robinson
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee, or submitting a properly supported Motion to Proceed *in forma pauperis*, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $402 filing fee at once, or is granted *in forma pauperis* status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.")